Hon. Joe A. Hubenak, Chairman House Committee on Agriculture and Livestock Texas House of Representatives State Capitol Austin, Texas 78701
Re: Authority of counties bordering Gulf of Mexico or its tidewater limits to enact flood control regulations under article 1581e-1, V.T.C.S.
Dear Chairman Hubenak:
You have asked whether a county bordering the Gulf of Mexico or its tidewater limits is authorized by article 1581e-1, V.T.C.S., to enact flood control regulations governing all areas of the county subject to flooding, or if regulations so enacted are applicable only to areas subject to flooding by the Gulf of Mexico or its tidal waters. Article 1581e-1 was enacted by the Legislature in 1969. Like article 8280-13, V.T.C.S., article 1581e-1 was enacted for the purpose, inter alia, of permitting political subdivisions of the State to enact regulations necessary to participate in the National Flood Insurance Program. See 42 U.S.C. § 4001-4128; Attorney General Opinions H-1011,H-978 (1977). Unlike article 8280-13, however, article 1581e-1 applies only to counties bordering on the Gulf of Mexico or the tidewater limits thereof. Article 1581e-1 is also dissimilar from article 8280-13 in that it contains no deadline for counties to qualify for participation in the National Flood Insurance Program. Cf. Attorney General Opinion H-1011 (1977) (a county has no present authority to enact land use regulations for flood-prone areas under article 8280-13 unless it qualified for participation in the National Flood Insurance Program by June 30, 1970).
Article 1581e-1 thus authorizes counties bordering the Gulf of Mexico or its tidewaters to qualify for participation in the federal flood insurance program at any time, but limits the geographical coverage of flood control regulations promulgated by such counties to "flood, or rising water prone, areas." Section 4 of article 1581e-1 provides:
 The commissioners court of any such county shall have the power and authority to enact and enforce regulations which regulate, restrict, or control the management and use of land, structures, and other development in flood, or rising water prone, areas in such a manner as to reduce the danger of damage caused by flood losses. This power and authority may include, but shall not be limited to, requirements for flood-proofing of structures which are permitted to remain in, or be constructed in, flood or rising water prone, areas; regulations concerning minimum elevation of any structure permitted to be erected in, or improved in, such areas; specifications for drainage; and any other action which is feasible to minimize flooding and rising water damage.
(Emphasis added). A "flood, or rising water prone, area" is defined by section 3 as an area that is subject to or exposed to flooding by the Gulf of Mexico or its tidal waters, including lakes, bays, inlets, and lagoons, which results in damage to land or property.
We believe these provisions of article 1581e-1 limit the power of the commissioners court to enacting regulations applicable to areas subject to flooding by the Gulf of Mexico or its tidal waters, including lakes, bays, inlets and lagoons, and do not make those regulations applicable to all areas of the county. Our conclusion is supported by an examination of the legislative history of article 1581e-1. As originally introduced, the bill which was ultimately enacted as article 1581e-1 provided:
 The term "flood, or rising water prone, area" as used in this Act means areas that are subject to or exposed to flooding by waters and consequential damages.
Senate Bill 734, 61st Leg., Reg. Sess., § 2. The Senate Committee on Insurance amended the bill to substitute the more limited definition of "flood, or rising water prone, area" found in section 3 of article 1581e-1. The amended bill then passed both houses of the Legislature unanimously. We think it clear that the action of the Senate Committee was intended to limit the geographical scope of regulations promulgated pursuant to article 1581e-1 to areas subject to flooding by the Gulf of Mexico or its tidal waters, including lakes, bays, inlets and lagoons.
Section 2 of article 1581e-1, however, empowers the commissioners court of the affected county to determine the boundaries of such areas. Section 2 provides:
 Any county bordering on the Gulf of Mexico or the tidewater limits thereof may determine and describe the boundaries of flood, or rising water prone, areas. The suitability of such determination shall be conclusively established when the commissioners court of such county shall have made a finding in a resolution passed by it that an area or areas located within the boundaries of such county are flood, or rising water prone, areas.
(Emphasis added). Thus, the commissioners court of a county bordering the Gulf of Mexico or its tidewater limits may conclusively determine the geographical scope of its powers under article 1581e-1 through a resolution finding the boundaries of flood or rising water prone areas. Cf. Texas Highway Commission v. El Paso Building and Construction Trades Council,234 S.W.2d 857 (Tex. 1950) (statute making determination of the Highway Commission as to general prevailing wage `final' made Commission's decision not subject to review by the courts).
 SUMMARY
The commissioners court of a county bordering the Gulf of Mexico or its tidewaters is authorized by article 1581e-1, V.T.C.S., to enact land use regulations applicable only to areas subject to flooding by the Gulf of Mexico or its tidal waters, including lakes, bays, inlets and lagoons. The commissioners court may conclusively establish the limits of such areas by making findings in a resolution passed by it.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee